# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Mariela Lopez | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| General Revenue Corporation<br>11501 NORTHLAKE DRIVE<br>CINCINNATI OH 45249-1643 | ) | |
| | ) | |
| Defendants | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## **JURISDICTION AND VENUE**

1. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(e) and 1692(f).

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## **PARTIES**

3. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

4. Plaintiff is a resident of the State of Illinois.

5. Plaintiff's former name was Mariela Centron; her name now is Mariela Lopez.

6. Defendant is a corporation with its principal place of business in the State of Ohio.

7. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

8. Unless otherwise stated herein, the term "Defendant" shall refer to General Revenue Corporation.

9. Defendant regularly attempts to collect debts owed or due another.

10. At some point, Plaintiff incurred a Tuition debt with the University of Illinois at Chicago.

11. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

## FACTS APPLICABLE TO ALL COUNTS

12. On or around March 5, 2013, Defendant sent a collection letter to Plaintiff demanding a payment for the debt and stating: "Because you failed to respond to our previous communications regarding this matter, please be advised that we have begun analysis of your: 1. Assets, 2. Credit History 3. Employment Status." See Exhibit A.

13. A few lines down, the letter states " Be Advised: Your cooperation will influence our decision as to what step we take next, so please act quickly.

14. Furthermore, the amount that the Defendant is collecting on is $3523.71

15. This includes: $936.02 in "current cost collection balance" fees and $30 in "current other charges."

16. Defendant has damages Plaintiff.

17. Defendant has violated the FDCPA.

## COUNT I

18. Plaintiff incorporates all the allegations made above as if reiterated herein.

19. Defendant violated 15 USC Section 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT II

20. Plaintiff incorporates all the allegations made above as if reiterated herein.

21. Defendant violated 15 USC Section 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

16, Plaintiff demands the following relief:

a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result of Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. Section 1692(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to Section 1692(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. Section 1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff